IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WESLEY PERRY, JR., <br> Dallas Cnty. Jail Bookin No. 20044276, <br><br> Plaintiff, <br><br> V. <br><br> DALLAS COUNTY JAIL SUPERVISOR <br> LAW LIBRARY and SRT OFFICER, <br><br> Defendants. | §§§§§§§§§§§§ | No. 3:21-cv-756-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Wesley Perry, Jr., an inmate at the Dallas County jail, has filed a *pro se* civil complaint asserting that he has been denied access to the jail's law library. *See* Dkt. No. 3. United States District Judge Jane J. Boyle has referred this case to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. Through a separate order, the Court will grant Perry leave to proceed *in forma pauperis* (IFP) under the Prison Litigation Reform Act (the PLRA). And the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss his complaint with prejudice.

**Legal Standards**

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any

portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted).

These findings, conclusions, and recommendations provides notice, and the

period for filing objections to them affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest

arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Perry alleges that a law librarian and an officer at the jail denied him access

to the law library. According to Perry, an officer "refused me of using my right to law library cart to get my motions also walked off as I banged on window and the supervisor of the law library because … not known when they are come nor they tell floor control to call us to get ready for library." Dkt. No. 3 at 6 (cleaned up).

> Pretrial detainees and prisoners have an established
>
> constitutional right to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the [United States] Supreme Court's decision in *Bounds* did not establish that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825). Therefore, a prisoner alleging a violation of *Bounds* must demonstrate an actual injury. *Id.* According to the Supreme Court, the right to access the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Because of the actual injury requirement, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.*

*Mendoza v. Strickland*, 414 F. App'x 616, 618 (5th Cir. 2011) (per curiam); *see also Hopkins v. Ogg*, 783 F. App'x 350, 354 (5th Cir. 2019) (per curiam) ("A prisoner's right of access to the courts is limited to 'the ability of an inmate to prepare and transmit a necessary legal document to a court.'" (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996); *Terry v. Hubert*, 609 F.3d 757, 761-62 (5th Cir. 2010) (applying this principle to pretrial detainees))).

Perry is represented by court-appointed counsel in his pending state prosecution for assault of a member of his family or household by impeding the complainant's breathing and circulation, enhanced by a prior aggravated assault

conviction. *See State v. Perry*, No. F2052173 (Crim. Dist. Ct. No. 7, Dallas Cnty., Tex.); *Story v. Ellis Cnty. Ct. 40th Dist.*, No. 3:19-cv-1994-B-BN, 2019 WL 5580143, at *3 (N.D. Tex. Aug. 30, 2019) ("[B]ecause an inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney, to the extent that this claim concerns his state criminal proceedings, the appointment of counsel for Story in that proceeding satisfies the constitutional requirements." (citing *Bounds*, 430 U.S. at 828, 830-31; *Lewis*, 518 U.S. at 351-52)), *rec. accepted*, 2019 WL 5579468 (N.D. Tex. Oct. 29, 2019).

Otherwise, the facts of Perry's access claim, set out in full above, fail to plausibly allege a constitutional violation under the applicable standards. *See, e.g.*, *Hopkins*, 783 F. App'x at 354 ("[A] prisoner must show that 'his position as a litigant was prejudiced by his denial of access to the courts.' Hopkins has made no showing of prejudice as he does not explain how he would have proceeded with access to a law library, what claims he would have raised, or how those claims would have been meritorious. Accordingly, Hopkins has not established that the district court erred in dismissing his claim for denial of access to the courts." (quoting *Eason*, 73 F.3d at 1328; citing *id.*; *Terry*, 609 F.3d at 762; *Iqbal*, 556 U.S. at 678)).

The Court should therefore dismiss Perry's claims with prejudice as leave to amend would be futile. But, if Perry disagrees with this assessment, the opportunity to file objections to these findings, conclusions, and recommendation, as further explained below, provides him an opportunity to respond, to show why leave should be granted. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2.

## Recommendation

The Court should dismiss Plaintiff John Wesley Perry, Jr.'s complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 2, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE